Filing # 149420918 E-Filed 05/11/2022 05:54:23 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:
JUDGE:

GREGORY JOHNSON,

    Plaintiff,

v.

COHEN DANIA BEACH HOTEL LLC,
d/b/a LE MERIDIEN DANIA BEACH
AT FORT LAUDERDALE AIRPORT,
and DOUGLAS HOPE,

    Defendants.

_____/

## COMPLAINT

The Plaintiff, GREGORY JOHNSON ("Plaintiff"), by and through undersigned counsel, sues the Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT ("LE MERIDIEN") and DOUGLAS HOPE, and alleges as follows:

### GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and fees.

2. At all times material hereto, Plaintiff and Defendant DOUGLAS HOPE were residents of Broward County, Florida.

3. At all times material hereto, Defendant, LE MERIDIEN, was and is a New York Limited Liability Company, authorized to do business in the State of Florida, and was doing business as *Le Meridien Dania Beach at Fort Lauderdale Airport* located at 1825 Griffin Road, Dania Beach, Broward County, Florida.

4. At all times material hereto and at the time of the incident complained of, Defendant, LE MERIDIEN, owned, controlled, and maintained a hotel located at 1825 Griffin Road, Dania Beach, Broward County, Florida (hereinafter "Hotel").

5. At all times material hereto and at the time of the incident complained of, Defendant, DOUGLAS HOPE was the General Manager of LE MERIDIEN.

6. On October 30, 2021, Plaintiff was a business invitee at LE MERIDIEN who exited the elevator and slipped and fell on a wet, slippery substance that was being used to clean the floor by janitorial staff who were employed by or on behalf of LE MERIDIEN. As a direct and proximate result of said incident, Plaintiff was seriously and severely injured as more fully set forth herein.

## COUNT I – NEGLIGENCE OF LE MERIDIEN

Plaintiff, GREGORY JOHNSON, reiterates and realleges the allegations contained Paragraphs 1 through 6, as though fully set forth herein, and further states:

7. On the date of the subject incident, Defendant, LE MERIDIEN, by and through its agents, employees, and/or representatives, had a nondelegable duty to its business invitees and patrons, including but not limited to the Plaintiff, to use reasonable care and to keep its premises in a reasonably safe and hazard-free condition.

8. On the date of the subject incident, Defendant, LE MERIDIEN, by and through its agents, employees, and/or representatives, breached its duty of care in one or more of the following ways:

   a. By negligently and carelessly maintaining the floor of the hotel by applying a slippery and dangerous substance to the floor, thereby creating a dangerous and hazardous condition;

   b. By failing to properly warn business invitees, including the Plaintiff, of the aforedescribed dangerous and hazardous condition, or to erect barriers to re-route people coming out of the elevator so they did not have to traverse said wet floor;

   c. By using and having an improper and unsafe flooring surface that was not adequately slip resistant when wet; and

   d. By allowing the dangerous and hazardous condition to exist for a sufficient amount of time that the Defendant, LE MERIDIEN, knew

or should have known that invitees including the Plaintiff were likely to slip on it, and by further representing to its business-invitees, that the floor was safe and suitable, when in fact, it was not.

9. As a direct and proximate result of Defendant, LE MERIDEN's negligence, the Plaintiff sustained serious and permanent bodily injuries and damages, pain and suffering, mental anguish, medical bills and expenses, lost wages, loss of future earning capacity, loss of capacity for the enjoyment of life, scarring and disfigurement. There injuries are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, GREGORY JOHNSON, demands judgment for damages against the Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT, as and for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00) exclusive of costs which are prayed for in addition thereto.

## COUNT II – NEGLIGENCE OF DOUGLAS HOPE

Plaintiff, GREGORY JOHNSON, reiterates and realleges the allegations contained Paragraphs 1 through 6, as though fully set forth herein, and further states:

10. On the date of the subject incident, Defendant DOUGLAS HOPE, in his capacity as General Manager of LE MERIDIEN, owed a duty to invitees and guests at said hotel to use reasonable care for their safety.

11. On the date of the subject incident, Defendant DOUGLAS HOPE breached his duty of care and acted negligently and carelessly in one or more of the following ways:

   a. By failing to supervise hotel employees and allowing them to mop the lobby floor so it became wet and slippery while invitees, including but not limited to the Plaintiff were forced to walk on said floor after using the elevator, although he knew or in the exercise of reasonable care should have known that the wet lobby floor created a dangerous

and hazardous condition;

b. By failing to implement safety procedures and protocols for cleaning the lobby floor while protecting invitees who were traversing said floor; and

c. By failing to adequately warn and protect members of the public who were getting out of the elevators and forced to walk across the wet and slippery floor while it was being mopped;

d. By failing to warn business invitees, including the Plaintiff, of the aforedescribed dangerous and hazardous condition, or to erect barriers to re-route people coming out of the elevator so they did not have to traverse said wet floor;

12. As a direct and proximate result of Defendant, DOUGLAS HOPE's negligence, the Plaintiff sustained serious and permanent bodily injuries and damages, pain and suffering, mental anguish, medical bills and expenses, lost wages, loss of future earning capacity, loss of capacity for the enjoyment of life, scarring and disfigurement. There injuries are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, GREGORY JOHNSON, demands judgment for damages against the Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT, as and for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00) exclusive of costs which are prayed for in addition thereto.

Plaintiff further demands a jury trial of all issues triable by right.

Dated this 11th day of May, 2022.

LONG, JEAN & WECHSLER, P.A.
Attorneys for Plaintiffs
1937 East Atlantic Boulevard, Suite 205
Pompano Beach, FL 33060
Phone: (954) 597-6770
Fax: (954) 691-3906
Email: ryan@ljwlegal.com

By: */s/ Ryan M. Wechsler*
RYAN M. WECHSLER, ESQ.
Florida Bar No. 114795
Service email: pleadings@ljwlegal.com

Filing # 149420918 E-Filed 05/11/2022 05:54:23 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:
JUDGE:

GREGORY JOHNSON,

    Plaintiff,

v.

COHEN DANIA BEACH HOTEL LLC,
d/b/a LE MERIDIEN DANIA BEACH
AT FORT LAUDERDALE AIRPORT,
and DOUGLAS HOPE,

    Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

The Plaintiff, GREGORY JOHNSON ("Plaintiff"), by and through undersigned counsel, and pursuant to Rule 1.350, Florida Rules of Civil Procedure, request the Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT ("Defendant"), to produce for inspection and copying at the law offices of LONG, JEAN & WECHSLER, P.A., 1937 East Atlantic Boulevard, Suite 205, Pompano Beach, FL 33060, the following:

1. All documents referred to and relied upon by you in your answers to interrogatories.

2. Any and all photographs taken by you or any person on your behalf of the incident or any subject matter alleged in Plaintiff's Complaint.

3. Any and all videotapes, DVD footage, hotel surveillance footage, and/or hotel video tape footage, and any other recording device taken by you or any person on your behalf, including an outside security company hired by you, showing the occurrence of the subject incident and/or any subject raised in Plaintiff's Complaint.

4. Please produce the investigative report and/or incident report prepared by the Defendant, or by its agents, employees and representatives for the date of the subject incident.

5. Any and all written documents, information and/or data containing the names

1

and addresses of all witnesses who have knowledge of the subject incident and the subject matter as set forth in the Plaintiff's Complaint, along with copies of any and all written data and information obtained from said witnesses.

6. Any and all documents which would show the name of any employees, agents, and/or representatives of the Defendant in which the Plaintiff asked for assistance after falling.

7. Any and all reports showing any investigations performed on behalf of the Defendant regarding the slip and fall incident as alleged in Plaintiff's Complaint, which would otherwise be unobtainable by the Plaintiff and in the possession and/or control of the Defendant, Defendant's agents, employees, and/or representatives.

8. Please produce all documents which show that the Defendant, Defendant's agents, employees, and/or representatives who had knowledge of the Plaintiff's slip and fall as alleged in Plaintiff's Complaint.

9. Please provide all documents, reports, records, and other written materials for the period of one year before the subject incident through one year after the subject incident of all similar incidents as described and alleged in Plaintiff's Complaint.

10. Please produce any documents which depict or show the name of the company or entity that owns, operates, controls, and has an interest in the Defendant's possession and/or control.

11. Please produce any documents which depict the name of any other company or third party that has an interest and/or ownership in the Defendant's hotel.

12. Please produce all documents that state the name, address, and job title of any employee, agent, and/or representative of Defendant who is responsible for maintaining, repairing, replacing, and/or removal of the substance where the subject incident occurred, as set forth in Plaintiff's Complaint.

13. Please produce all documents which state the name, address, and job title of any employee, agent, and/or representative of Defendant that had direct contact with the Plaintiff or knowledge after the subject incident occurred.

14. Please produce all documents that show the Defendant is the correct entity and proper party to be sued for acts of negligence as alleged in Plaintiff's Complaint.

15. Please produce all certified copies of all policies of insurance that were in full

force and effect on the date of the subject incident as alleged in Plaintiff's Complaint, which provides for liability insurance coverage for the benefit of any third party.

16. Please produce a copy of the full staffing schedule including supervisors, managers, department heads, key holders, and/or assistant managers, for the Defendant on the date of the subject incident as set forth in Plaintiff's Complaint and provide each employee's assignment and/or duties for the date of the subject incident.

17. Please produce a copy of all written policies or procedures of any kind implemented by the Defendant and its agents, employees, and/or representatives for the removal of any hazardous materials, transitory substances, and any other substance which may cause injury to a third party.

18. Please provide a copy of the employee handbook that was in effect on the date of the subject incident as well as the employee handbook which is currently in effect at the present time and include any updates, edits, inserts, changes, modifications to your employee handbook.

19. Any and all contracts and agreements between Defendant and any company or individual responsible for maintaining and cleaning the first floor of the subject hotel on the date of the subject incident.

20. Any and all documents memorializing, listing, or describing the cleaning duties of Defendant's agents and employees responsible for cleaning and maintaining the first floor of the subject hotel on the date of the subject incident.

21. Any and all schedules of Defendant's agents and employees responsible for cleaning and maintaining the first floor of the subject hotel on the date of the subject incident.

22. Any and all cleaning and maintenance checklists completed on the subject incident.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the Defendant along with the Complaint and Summons.

LONG, JEAN & WECHSLER, P.A.
Attorneys for Plaintiff
1937 East Atlantic Boulevard, Suite 205
Pompano Beach, FL 33060

Phone: (954) 597-6770
Fax: (954) 691-3906
Email: ryan@ljwlegal.com

By: __/s/ *Ryan M. Wechsler*__
RYAN M. WECHSLER, ESQ.
Florida Bar No. 114795
Service email: pleadings@ljwlegal.com

Filing # 149420918 E-Filed 05/11/2022 05:54:23 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:
JUDGE:

GREGORY JOHNSON,

    Plaintiff,

v.

COHEN DANIA BEACH HOTEL LLC,
d/b/a LE MERIDIEN DANIA BEACH
AT FORT LAUDERDALE AIRPORT,
and DOUGLAS HOPE,

    Defendants.
_____/

## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, GREGORY JOHNSON, by and through undersigned counsel, and files this Notice of Service of First Set of Interrogatories to Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT (hereinafter "LE MERIDIEN"), and requests Defendant to file answers in accordance with Florida Rules of Civil Procedure, Rule 1.340.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the Defendant along with the Summons.

LONG, JEAN & WECHSLER, P.A.
Attorneys for Plaintiff
1937 E. Atlantic Blvd., Suite 205
Pompano Beach, FL 33060
Phone: (954) 597-6770
Fax: (954) 691-3906
pleadings@ljwlegal.com (service email)
ryan@ljwlegal.com
By: */s/ Ryan M. Wechsler*
Ryan M. Wechsler, Esq.
Florida Bar No. 114795

## DEFINITIONS

A. The words "you," "yours," and/or "yourself" mean Defendant or other persons acting or purporting to act, on the behalf of Defendant.

B. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

C. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

D. The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports charts, ledgers, invoices, computer printouts, microfilms, video tapes and tape recordings.

E. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

F. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

G. The words "relate to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

H. The words "pertain to" or "pertaining to" mean: related to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

I. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

J. The term "action" or "lawsuit" shall mean the case entitled: <u>Gregory Johnson v. Cohen Dania Beach Hotel LLC, d/b/a Le Meridien Dania Beach at Fort Lauderdale Airport</u>, pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

K. The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

L. The word "identify," when used in reference to an individual, shall mean to state his/her full and present or last known address (including zip code), phone numbers (home, business, and cellular phone) and present or last known position or business affiliation (designating which), and the job description.

M. The word "identify," when used in reference to a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Defendant.

## INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1)   the nature of the privilege claimed (including work product);

(2)   if the privilege is being asserted in connection with a claim or defense governed by state or federal law, the state or federal privilege law being invoked;

(3)   the date of the document or oral communication;

(4)   if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee; and if not apparent, the relationship between the author and addressee;

(5)   if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)   the general subject matter of the document or oral communication.

## FIRST SET OF INTERROGATORIES TO DEFENDANT

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Describe, in detail, how the Defendant contends the incident described in Plaintiff's complaint happened.

3. Describe, in detail, each act and/or omission on the part of the Plaintiff that the Defendant contends constituted negligence that was a contributing legal cause of the incident in question.

4. State the facts that you rely upon for each affirmative defense in your Answer.

5. Does the Defendant contend that any personal entity not named a party in the subject lawsuit may be liable in whole or in part for the claims and allegations contained in Plaintiff's complaint? If so, please state the names and addresses of each such party, and the legal basis for Defendant's contention, the facts of evidence upon which Defendant's contention is based upon, and whether or not the Defendant Corporation has notified each person or entity.

6. List the names and addresses of all persons who are believed or known by the Defendant, its agents, employees, attorneys, and representatives, who have knowledge of the subject matter of the Plaintiff's lawsuit, including eye witnesses, persons who arrived at the scene of the incident within one hour of the occurrence of the subject incident, and persons who have knowledge of any substance that was on the floor at the time of and/or after the subject incident.

7. State the names and addresses of all of the Defendant's employees who (1) witnessed Plaintiff's slip and fall; (2) assisted Plaintiff at the scene of his slip and fall; (3) prepared an incident report; or (4) were responsible for maintaining and/or cleaning the first floor of the subject hotel on the date of the subject incident.

8. State the names and addresses of all individuals known to the Defendant, its agents, employees, attorneys, and/or representatives who have knowledge about or possession, custody, and/or control of any model, plat, map, drawings, motion pictures, DVDs, hotel video footage maintained in the course of day to day business, videotapes, or photographs pertaining to the subject matter as set forth in Plaintiff's Complaint, and provide the names and addresses of the individuals who took or prepared it, and the date it was taken or prepared.

9. Please set forth the following information for the past two years regarding all slip and fall and/or trip and fall incidents at your hotel:

   a. The date of each incident;

   b. A brief description of the incident;

   c. A brief description of the injuries that the individuals sustained; and

   d. Whether any of the incidents referred to above resulted in a claim or lawsuit, date of the filing of each such claim or lawsuit, the case number, and jurisdiction and the disposition.

10. Please set forth all maintenance and cleaning being done on the first floor of the subject hotel on the date of the subject incident, and include the names and addresses of all companies, sub-contractors, employees and agents responsible for performing the maintenance and cleaning.

_____
SIGNATURE

STATE OF FLORIDA )
                        ) ss
COUNTY OF _____ )

      PERSONALLY APPEARED, before me, the undersigned authority, _____, who being duly sworn, deposes and says that these Answers to Interrogatories are true to the best of his/her knowledge, information and belief.

      SWORN TO and subscribed before me this _____ day of _____, 2022.

_____
NOTARY PUBLIC
STATE OF FLORIDA

My Commission Expires:

Personally known _____ or Produced Identification _____
Type of Identification Produced _____.