UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GREGORY JOHNSON,

    Plaintiff,

v.

COHEN DANIA BEACH HOTEL LLC,
d/b/a LE MERIDIEN DANIA BEACH
AT FORT LAUDERDALE AIRPORT,
And DOUGLAS HOPE

    Defendants,
_____/

## DEFENDANT'S PETITION FOR REMOVAL

COMES NOW Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT by and through its undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the same is now pending as Case No. CACE-22-006885 to this Cofurt.  Removal is proper on the following grounds:

1. Plaintiff commenced a civil action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *GREGORY JOHNSON v. COHEN DANIA BEACH HOTEL LLC., d/b/a LE MERIDIEN DANIA BACH AT FORT LAUDERDALE AIRPORT and DOUGLAS HOPE*, Case No. CACE-22-006885.  *See* Plaintiff's Complaint in the State Court Action attached hereto as **Exhibit "1."**

2. The Summons and Complaint in this case were served upon Defendant, COHEN DANIA BEACH HOTEL LLC., d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT, on or about May 17, 2022. *See* Service of Process attached hereto as **Exhibit "2."**

3. To date, the Summons and Complaint in this case has not been served upon Defendant Douglas Hope.

4. In pertinent part, the Plaintiff' Complaint against Le Meridien Dania Beach at Fort Lauderdale Airport ("Le Meridien") and general manager of Le Meridien, Douglas Hope, are for claims sounding in negligence as a result of injuries the Plaintiff allegedly sustained arising from a slip/trip and fall incident on the premises of the subject Le Meridien hotel located at 1825 Griffin Road, Dania Beach, Florida.

5. In his Complaint, Plaintiff states that Douglas Hope is a resident of Broward County, Florida, and, that he was acting as the General Manager of Le Meridien at the time of Plaintiff's accident. However, not only was service not effectuated upon Mr. Hope, but he does not reside within Broward County as stated in Plaintiff's Complaint, and, was not present on the grounds of Le Meridien at the time of the subject incident. As a result, Plaintiff will not be able to establish any facts indicating that Douglas Hope was actively negligent by actively participating in and committing any tort to cause Plaintiff's incident. Rather, Plaintiff erroneously alleges that Douglas Hope is liable based on his general management position on the date of the incident.

6. As discussed in greater detail below, it is abundantly clear that Plaintiff cannot establish any facts that Douglas Hope had any active participation and active involvement in the alleged incident. As stated above, he was not present on the grounds of Le Meridien on the date of the accident, has yet to be served with the Complaint, and, is/was not a resident of Broward County, Florida as alleged in the Complaint. *See* Declaration of Douglas Hope attached as **Exhibit "3."**

7. Therefore, Plaintiff was joined Douglas Hope to this lawsuit solely as an effort to destroy diversity jurisdiction,

8.	Pursuant to Sections 1332, 1441(b) and 1446 of Title 28 of the United States Code, Defendant, COHEN DANIA BEACH HOTEL LLC., d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT, hereby removes the action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *GREGORY JOHNSON v. COHEN DANIA BEACH HOTEL LLC., d/b/a LE MERIDIEN DANIA BACH AT FORT LAUDERDALE AIRPORT and DOUGLAS HOPE,* Case No. CACE-22-006885

9.	Removal is proper and appropriate under 28 U.S.C §1332, which allows for District Court jurisdiction over, "all civil action where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

### Grounds for Removal

Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction). As set forth below, this action satisfies both of these jurisdictional requirements.

### Diversity of Citizenship

Diversity of citizenship exists in this case, because this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is

absent therefrom." Id. (citation and quotations omitted).  Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted).

According to Plaintiff's Complaint, he is a resident of Broward County, Florida. Further, upon information and belief, Plaintiff resides at 2056 NE 9th Avenue, Wilton Manors, Florida, Broward County, Florida.  in St. Lucie County, Florida. *Refer,* Exhibit "1."

Defendant Le Meridien, at all relevant times, was and still is a Delaware Foreign Limited Liability Company with its principal place of business in New York.  *See*, Sunbiz Report attached as **Exhibit "4."** Very plainly, Le Meridien is a foreign limited liability company who is authorized to conduct business in Florida. Le Meridien has a designated Florida Registered Agent to which does not give rise to domicile for jurisdictional purposes. The nucleus of this organization and principal offices that operate such entity take place in New York. Le Meridien, at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business is, and was at the time of filing the Complaint, New York, New York.

The citizenship of co-defendant/current general manager, Douglas Hope should be disregarded because he was fraudulently joined in attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co*., 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins*. Co., 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P*., Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v. Wal-Mart Stores East, L.P.*, Case No. 9:19-CV-80356-DMM, ECF

No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019); *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheo de Perez v AT&T Co.*, 139. F.3d, 1368, 1380 (11th Cir. 1998).

The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. TariXorp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment — he or she must be actively negligent." *Id.* (quoting *McElveen v. Peeler*, 554 So.2d

270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida that [a store or hotel manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character")).

Furthermore, as Douglas Hope was not even physically present on the date of the incident, nor did he have any direct communications or control over any person who had been working at Le Meridien on the date of the incident, or any contact, involvement or oversight related to Plaintiff - Plaintiff is arguably identifying a fictitious Defendant to defeat diversity jurisdiction.

"Even if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" Smith v. Comcast Corp., 786 Fed. App'x 935, 939 (11th Cir. 2019) (quoting Walker v. CSX Transp. Inc., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)). "And for a removed case, 'diversity jurisdiction is determined ... at the time of removal.'" Id. (quoting Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017)). Accordingly, the citizenship of non-served Defendant, DOUGLAS HOPE should be disregarded for purposes of determining removal based on diversity jurisdiction.

In *Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virginia Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id.* Thereafter, the defendant removed the case arguing the citizenship of the

store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the accident occurred, that he could not see the parking lot from his vantage point in the tore, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id.* The court denied the plaintiff's motion to remand stating "plaintiff has provided n facts showing the [store manager] played any role in her injuries" and that a store manger does not incur personal liability for a corporation's torts merely by reason of the store manger's official title. *See id.* (citing *Orlovsky,* 405 So.2d at 1364).

Similarly, in *Pritchard*, the court denied plaintiffs' motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard* the plaintiffs filed suit against defendants Wal-Mart and one of its store managers in state court alleging claims of negligence and loss of consortium. *Id*. at*1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises, and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id.* Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id.* Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the

plaintiff's incident. *Id.* at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager cannot be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that they store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id.* The court denied plaintiffs' motion to remand and granted the store manger's motion to dismiss. *Id.*

In the instant case, Douglas Hope was not personally involved in Plaintiff's incident. There is no possibility that Plaintiff can prove a cause of action for negligence against him because he was not actively negligent and had no personal involvement in Plaintiff's incident. *See Niurka Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Franco v. Wal-Mart Stores East, L.P.*, Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.*, Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019); and *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020). In fact and most importantly, **Douglas Hope was not even present at Le Meridien on the date of loss. Plaintiff's Complaint specifically alleges that he fell on a wet, slippery substance being used to clean the floor by janitorial staff, not Douglas Hope.** *See, Exhibit "1" at ¶ 6.* **Douglas Hope did not actively participate in cleaning, mopping, or the supervision of such acts on the date of loss.** Furthermore and as a result, Douglas Hope, did not commit or participate in Plaintiff's alleged tort and did not play a role in Plaintiff's alleged injuries which are alleged to have occurred on the premises, as:

    a.    He was physically or remotely present at Le Meridien on the date of this loss;

  b. He did not witness Plaintiff's incident;

  c. He did not personally participate in the events leading up to Plaintiff's alleged incident nor did he individually engage in tortious conduct;

  d. He did not actively mop or clean any floors at Le Meridien ever at any point in time;

  e. He did not create a dangerous condition on the premises on October 30, 2021, or any other day;

  f. He did not have knowledge of the alleged dangerous condition prior to Plaintiff's incident;

  g. He did not have knowledge of any Le Meridien employee creating an allegedly dangerous condition in the area of Plaintiff's incident immediately prior to same or any other day;

  h. He did not cause the subject allegedly dangerous condition in the area of Plaintiff's incident immediately prior to same;

  i. He did not investigate the Plaintiff's incident on the date the incident is alleged to have occurred; and

  j. Plaintiff's own pleadings affirmatively allege and state that it was the "janitorial staff" who caused the alleged condition.

Therefore, Hope not only did not have any knowledge of the alleged dangerous condition prior to Plaintiff's incident, but he was not even physically on the grounds on said date. Moreover, the lawsuit brought against Douglas Hope appears to simply be a place holder Defendant identified by Plaintiff which is also impermissible under Florida law.

After disregarding the fraudulently joined defendant, there can be no dispute that the citizenship of the Parties is diverse.

**Amount in Controversy**

Second, this action satisfies the amount in controversy requirement for purposes of removal, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. A district court may consider any pre-suit settlement offers and demands in evaluating whether a case has been properly removed. Katz, 2009 1532129, at *4 (citation omitted).

Although Plaintiff's Complaint fails to allege a specific value of the requested relief, it alleges damages in excess of $30,000.00. With the service of Defendant's Answer, a set of Requests for Admissions was also served in an effort to confirm the jurisdictional pre-requisite has been met. Efforts to meet and confer with Plaintiff's counsel have been made on several occasions to determine and confirm that Plaintiff is posturing a claim in excess of $75,000 and at no point has opposing counsel's office indicated its presenting a claim for less than same. Indeed, Defendants believe that this issue is uncontested and that Plaintiff does not, and will not oppose same.

Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because citizenship of the parties are diverse, this action provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### Venue

Plaintiff's action is pending in state court in Broward County, Florida, which is within this judicial district and division.  See 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

### Timeliness

As aforementioned, Defendant Le Meridien, was served on May 17, 2022.  Defendant has sought removal within thirty days from the date that Plaintiff's Complaint was served on and received by the Defendant.  As also noted above, Douglas Hope was never served and no Return of Service appears on the CACE docket. Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b) (stating notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based).

### Notice

As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to the Plaintiff and will file a copy of it with the clerk of the state court.

### Conclusion

For the foregoing reasons, Defendant respectfully requests that this action, previously pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

**WHEREFORE**, Defendant, COHEN DANIA BEACH HOTEL LLC, d/b/a LE MERIDIEN DANIA BEACH AT FORT LAUDERDALE AIRPORT, by and through its

undersigned attorney, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated:  June 16, 2022

          Respectfully Submitted,

          **MARSHALL DENNEHEY**

By:   /s/ *Jennifer M. Netska, Esq.*
       Jennifer M. Netska, Esq.
       Florida Bar No.: 1024089
       JMNetska@mdwcg.com
       Alan C. Nash, Esq.
       Florida Bar Number: 0051267
       ACNash@mdwcg.com
       2400 E. Commercial Blvd., Suite 1100
       Fort Lauderdale, FL 33308
       Telephone:  954-847-4920
       Facsimile:  954-627-6640
       *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Ryan M. Wechsler, Esq.
Long Jean & Wechsler, P.A.
1937 East Atlantic Blvd., Suite 205
Pompano Beach, FL 33060
[ryan@ljwlegal.com]

By:   /s/ *Jennifer M. Netska*
       Jennifer M. Netska